IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REXFORD MENSAH,<br>      Plaintiff | : | |
| v. | : | CIVIL ACTION<br>NO. 17-5636 |
| CHIMES INTERNATIONAL, LTD AND<br>SUBSIDIARIES d/b/a HOLCOMB<br>BEHAVIORAL HEALTH SYSTEMS,<br>      Defendant. | : | |

**MEMORANDUM**

**Jones, II  J.**                                                                                                   February 27, 2019

**I.     Introduction**

Plaintiff Rexford Mensah, a former employee of Defendant Holcomb Behavioral Health Systems, alleges Defendant, by and through its agents, unlawfully discriminated against him on the basis of his national origin in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"), on the basis of his age in violation of the Age Discrimination in Employment Act, and on the basis of his disability in violation of the PHRA and the Americans with Disabilities Act ("ADA" or "Act").  In response to Plaintiff's Complaint, Defendant filed a partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal only of Plaintiff's ADA and PHRA disability claims (Counts I and II).  For the reasons set forth herein, Defendant's Motion shall be granted.

**II.    Factual Background**

In relevant part, Plaintiff alleges as follows: He was hired by Defendant in October 2011 as a Recovery Specialist.  (Compl. ¶ 20.)  In February 2016, Defendant held a staff meeting wherein it announced upcoming changes.  (Compl. ¶ 22.)  After said meeting, Defendant began terminating some employees.  (Compl. ¶ 23.)  In May 2016, Plaintiff was in a motor vehicle accident and received

1

Emergency Room treatment, after which he was instructed to wear a neck brace. (Compl. ¶¶ 26-27.) Upon witnessing Plaintiff in a neck brace, one of Defendant's coordinators began to treat Plaintiff differently by criticizing his work product. (Compl. ¶ 28.) On September 9, 2016 Plaintiff underwent a procedure to repair a hernia and a hydrocele. (Compl. ¶ 29.) Subsequently, Plaintiff was out on medical leave from September 11, 2016 through September 17, 2016. (Compl. ¶ 30.) Plaintiff then worked for two weeks until his clothes irritated his incision, causing inflammation and fluid discharge. (Compl. ¶¶ 31-32.) Plaintiff's physician directed Plaintiff not to work from October 10, 2016 until October 14, 2016 so that he could heal. (Compl. ¶ 33.) Plaintiff returned to work on October 15, 2016, when he was scheduled for training. (Compl. ¶ 34.) Upon his arrival that day, he was told he was not allowed to attend the training until he talked to the Human Resources Director. (Compl. ¶ 35.) Two days later Plaintiff called the Human Resources Director, who accused Plaintiff of lying to his doctor to get time off from work and then terminated Plaintiff. (Compl. ¶¶ 36-37, 39.) Plaintiff asserts he did not lie to his doctor, his absence was medically necessary, and he was not previously subjected to any disciplinary action. (Compl. ¶¶ 38-39.)

### III. 12(b)(6) Standard of Review

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Phillips*, 515 F.3d at 233 (internal quotation marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "[A]ll civil complaints must now set out sufficient

factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**IV.     Discussion**

   **A.     ADA Claim**

"To establish an employment discrimination claim under the ADA, a plaintiff must demonstrate that he or she is a qualified individual with a disability within the meaning of the Act, and that he or she suffered an adverse employment decision as a result of the discrimination." *West v. Prudential Ins. Co. of Am.*, 462 Fed. Appx. 170, 171 (3d Cir. 2011) (internal quotations and citations omitted). Defendant challenges one single element of Plaintiff's ADA claim: Whether he was disabled within the meaning of the Act. (Mot. Dismiss 8-10.)

"An individual qualifies as disabled if he or she (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment." *West*. 462 Fed. Appx. at 171 (citing 42 U.S.C. § 12102(1)). Plaintiff does not plead (2) or (3) (that he had a record of an impairment or that he was regarded as having an impairment). Thus, his Complaint must demonstrate that he had a physical or mental impairment that substantially limited one or more major life activities.

Defendant argues Plaintiff's hernia and a hydrocele repair procedure did not result in a physical impairment that substantially limited one or more major life activities for Plaintiff. (Mot. Dismiss 9.) It argues his alleged disability was an inflamed incision that healed within four (4) days and required only eight (8) days of recovery. (Mot. Dismiss 9-10.) Defendant further argues Plaintiff did not suffer from

3

a chronic ailment, he fully recovered from his ailments, and he did not suffer any permanent effects. (Mot. Dismiss 10.) Finally,[1] Defendant argues Plaintiff did not assert he was precluded from performing any major life activities. (Mot. Dismiss 10.)

Plaintiff does, indeed, fail to plead any limitations on major life activities with respect to injuries from his motor vehicle accident. Examples of major life activities given in the statute include: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). Plaintiff does not plead that any injury or injuries from his motor vehicle accident, including his neck injury, impacted, much less substantially limited, any major life activity. He claims only that he was instructed to wear a neck brace after his accident and he was treated differently by Defendant's coordinator upon presenting with a neck brace. (*See* Compl. ¶ 26-28.) Thus, Plaintiff does not plead that his accident rendered him disabled within the meaning of the ADA.

Regarding Plaintiff's hernia and hydrocele repair procedure, he does not plead any limitations on major life activities except insofar as he claims that he had to be out of work for a total of twelve (12) days for recovery. (*See* Compl. ¶ 30, 33 (indicating Plaintiff was away from work to recover from September 11 through September 17, 2016, he returned to work from September 18 through October 9, 2016 and then was out for recovery again from October 10, 2016 through October 14, 2016, after which he returned to work)). Work is a major life activity. 42 U.S.C. § 12102(2). However, missing only twelve days for recovery, with two weeks of work in the interim and no indication of any future impairment of his ability to work, does not amount to a *substantial* limitation on said major life activity. *Eshelman v. Agere Sys.*, 554 F.3d 426, 437 (3d Cir. 2009) ("It is true that a relatively short-term absence

---

[1] Defendant makes no argument concerning Plaintiff's neck issue resulting from his May 29, 2016 motor vehicle accident. However, inasmuch as Defendant seeks dismissal of Plaintiff's disability claims, it contends his neck issue did not render him disabled.

from work, without any long-term impairment, is generally held to be insufficient to create a record of disability."); *Farkas v. Carpenter Tech. Corp.*, CIVIL ACTION NO. 05-CV-2741, 2006 U.S. Dist. LEXIS 9170, *10 (E.D. Pa. March 9, 2006) ("Plaintiff has failed to demonstrate that his [injury] substantially limited his ability to work. Plaintiff went back to work shortly after his [injury] and performed his job without limitation.").

Because Plaintiff does not plead a substantial limitation on one or more major life activities,[2] he does not demonstrate that he is a disabled person within the meaning of the ADA and Defendant's Motion to Dismiss Plaintiff's ADA claim (Count I) shall be granted.

**B.    PHRA Claim**

The analysis of PHRA claims is the same as the analysis of ADA claims. *Gardner v. Sch. Dist. of Phila.*, 636 Fed. Appx. 79, 83 (3d Cir. 2015) n.4 ("We apply the same analysis to claims under both the ADA and the PHRA, treating such claims as coterminous."). Therefore, Defendant's Motion to Dismiss Plaintiff's PHRA claim (Count II) shall also be granted.

**V.    CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint shall be granted.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II          J.

---

[2] This Court notes Plaintiff's Complaint baldly states that he was disabled within the meaning of the ADA and PHRA and that he has physical impairments that substantially limit major life activities. (Compl. ¶¶ 42-43, 52-53.) However, it bears repeating that "[t]hreadbare recitals of the elements of a cause of action … do not suffice." *Phillips*, 515 F.3d at 233 (internal quotation marks and citation omitted). A plaintiff must plead some factual matter to demonstrate the elements of a cause of action. *Iqbal*, 556 U.S. at 678; *Fowler*, 578 F.3d at 210; *see supra* Part III. Plaintiff's Complaint fails to allege facts that establish the elements he recites in paragraphs 42-43 and 52-53 of his Complaint.